UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SUSAN COOPER,<br><br>Plaintiff,<br><br>v.<br><br>THE HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, et al.,<br><br>Defendants. | Case No. 3:24-CV-740-CCB |

**OPINION AND ORDER**

Plaintiff Susan Cooper has sued Defendants Health and Hospital Corporation of Marion County[1] and American Senior Communities LLC, alleging various violations of the Federal Nursing Home Reform Act under Section 1983 *Monell* liability. The Court now rules on Defendants' motion for summary judgment.

BACKGROUND

This case arises from Plaintiff Ms. Cooper's interactions with staff at the Cardinal Nursing and Rehabilitation Center ("Cardinal") while she was admitted there.[2] At the time she was admitted there, Ms. Cooper had an extensive set of diagnoses that included Parkinson's disease, chronic obstructive pulmonary disease, major depression,

[1] Health and Hospital Corporation of Marion County is an Indiana governmental agency acting under color of state law, and is thus liable to suit under Section 1983. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012). As a private entity contracting with a government entity acting under color of state law, American Senior Communities LLC is also liable. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).
[2] Defendant Health and Hospital Corporation of Marion County operates Cardinal, and contracts with Defendant American Senior Communities LLC for the management and day-to-day operation of Cardinal.

chronic pain, morbid obesity, anxiety disorder, attention deficit hyperactivity disorder, irritable bowel syndrome, diabetes mellitus, obstructive sleep apnea, panic disorder, and bipolar disorder. (ECF 53 at 2–3). While at Cardinal, Ms. Cooper experienced additional complications and injuries, including a torn ACL from a fall, severe dehydration, cellulitis, and pyelonephritis. (*Id.* at 3–5). At one point, a hospital staff member took a nonconsensual photo of her in a state of partial undress. (*Id.* at 53). The staff member was later disciplined for that act. (*Id.* at 22). There is also evidence that Ms. Cooper had a tempestuous relationship with hospital staff. For example, there is evidence that there were several shouting matches between Ms. Cooper and hospital staff. (*Id.* at 13–14). Cardinal staff also made several disparaging remarks about Ms. Cooper outside her presence (ECF 49 at 13–15). On September 3, 2024, Ms. Cooper sued Defendants under Section 1983, alleging violations of the Federal Nursing Home Reform Act ("FNHRA") (ECF 1). She filed an amended complaint on April 24, 2025 (ECF 22). Defendants have moved for summary judgment (ECF 48).

## STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court must not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court does not have to conduct research or develop arguments for parties. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *see also* *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

"To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by* *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also* *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

## ANALYSIS

Plaintiff is proceeding on a theory of *Monell* direct municipal liability under Section 1983. To establish *Monell* liability, a plaintiff must show that an actual rights deprivation is directly traced to a municipal policy or custom, such that the municipality is directly liable for the deprivation. *See Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).

Section 1983 does not provide an independent cause of action. *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Rather, it relies on other standalone rights provisions in the Constitution or federal law, which are stated using language that "'clear[ly] and unambiguous[ly]' uses 'rights-creating terms.'" *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 368 (2025) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (alterations in original)).

Plaintiff's amended complaint cites exclusively to provisions of 42 U.S.C. § 1396r(c). (ECF 22). This subsection of the FNHRA, entitled "Requirements relating to residents rights," does unambiguously convey rights actionable under Section 1983. *See Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 184–85 (2023). Specifically, the amended complaint alleges violations of 42 U.S.C. § 1396r(c)(1)(A)(v)(I) and § 1396r(c)(1)(A)(i). The first of these is entitled "Free choice," granting the right "to choose a personal attending physician, to be fully informed in advance about care and treatment, to be fully informed in advance of any changes in care or treatment that may affect the resident's well-being, and (except with respect to a resident adjudged incompetent) to participate in planning care and treatment or changes in care and

treatment." 42 U.S.C. § 1396r(c)(1)(A)(v)(I). Section 1396r(c)(1)(A)(i), on the other hand, entitles the resident the right "to reside and receive services with reasonable accommodation of individual needs and preferences."

Plaintiff identifies no evidence contained within the record that creates a genuine issue of material fact as to whether these rights were violated, let alone whether there was a "policy" that systematically violated them with regard to her, as required by *Monell*. Plaintiff does not show any evidence that Cardinal's actions denied her the right "to choose a personal attending physician" or to be "fully informed in advance about care and treatment," 42 U.S.C. § 1396r(c)(1)(A)(v)(I), or that she was not "fully informed in advance of any changes in care or treatment" that would have affected her wellbeing, or not allowed to "participate in planning care and treatment or changes in care and treatment," 42 U.S.C. § 1396r(c)(1)(A)(i).

The parties dispute whether Defendants' staffing levels were adequate. But there is nothing within § 1396r(c)(1)(A)(v)(I) or § 1396r(c)(1)(A)(i) that conveys a standalone general right to certain staffing levels or even overall "adequate care." For example, while the FNHRA provisions cited in Plaintiff's complaint grant the right to "be fully informed in advance" of changes to care that "may affect the resident's well-being," they do not set a standalone threshold for quality of care or wellbeing. This Court is bound to "respect the choice embodied by that statutory structure" to leave certain parts of the FNHRA within the sole enforcement of the executive while leaving other provisions within the scope of private lawsuits. *See Leeper v. Hamilton Cnty. Coal, LLC*, 939 F.3d 866, 869 (7th Cir. 2019). It is not difficult to imagine why Congress would have

created rights-provisions for more easily justiciable issues (such as whether a patient was denied specific communications and requests), while leaving other more difficult questions (such as the level or standard of adequate care) outside the enforcement of private parties. *See SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018) ("' [j]ust as Congress' choice of words is presumed to be deliberate' and deserving of judicial respect, 'so too are its structural choices.'" (quoting *University of Tex. Southwestern Med. Center v. Nassar*, 570 U.S. 338, 353 (2013))).

Even taking the testimony of Plaintiff's key witness, Cami L. Morris, as true and in the most sympathetic light, the evidence does not support a violation of the statutory provisions cited in the complaint. Morris states that she overheard an employee making derisive comments regarding Plaintiff to another employee, and had heard rumors of staff shouting at Plaintiff. (ECF 54 at 22; 48-4 at 7). But Plaintiff does not explain how any of this testimony describes a failure to allow her to exercise "free choice" with regard to "care" or receive "reasonable accommodation of individual needs and preferences." 42 U.S.C. § 1396r(c)(1)(A)(v)(I); 42 U.S.C. § 1396r(c)(1)(A)(i). Crucially, Morris' testimony does not show that Plaintiff requested a legitimate form of care or accommodation and was denied it, or that she was not informed of a change to her care. Rather, Plaintiff's response to Defendants' motion for summary judgment only discusses "rights violations" in the abstract, without connecting evidence or argument to the specific rights outlined in 42 U.S.C. § 1396r(c)(1)(A)(v)(I) and 42 U.S.C. § 1396r(c)(1)(A)(i). Thus, there is no genuine dispute as to any material fact and judgment for Defendants is appropriate as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Health and Hospital Corporation of Marion County and American Senior Communities LLC's Motion for Summary Judgment (ECF 48). The clerk is **ORDERED** to close the case.

SO ORDERED on September 17, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT